AMERICAN OILCLOTH CO. v. SLONOV et al.

(Supreme Court, Appellate Term.   May 15, 1908.)

1. COURTS—MUNICIPAL COURTS—JUDGMENT BY DEFAULT.
   Where defendant fails to appear on the return day of the summons in the Municipal Court, plaintiff is entitled to judgment upon proof of service of the summons and complaint.

2. SAME—FAILURE TO SERVE—STATUTORY POWERS.
   Where defendant is not personally served with summons and does not appear, he may, under the express provisions of Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, appeal from any judgment taken against him within 20 days after personal service upon him by plaintiff of written notice of the entry of the judgment, or under the express provisions of section 253 (page 1562) may, upon motion and notice, have the default set aside and any judgment entered thereon vacated or modified upon terms deemed proper by the court.

3. PARTIES—PROCESS SERVED ON WRONG PERSON—RIGHTS OF PLAINTIFF.
   The court cannot compel plaintiff to accept as a defendant a person against whom no summons has been issued, and against whom he may have no cause of action, simply because that person was served with process.

4. PROCESS—REMEDY OF PERSON WRONGLY SERVED.
   Where a person against whom no summons has been issued is served with process, he may appear in such a form as to indicate that the summons has been served upon the wrong person, and if no attention is paid to such act, and plaintiff refuses to withdraw the summons, he may answer and go to trial, and have the complaint dismissed, or he may move to set aside the service on the ground that a mistake has been made.

110 N.Y.S.—19

Appeal from Municipal Court, Borough of. Manhattan, First District.

Action by the American Oilcloth Company against Samuel Slonov and others. Isidor Slonov, claiming he had been served with summons and complaint, was allowed to interpose an answer over plaintiff's objection, and upon the failure of Samuel Slonov to appear, and plaintiff's failure to proceed to trial upon the issues raised by that answer, judgment was rendered against plaintiff for costs in favor of Isador Slonov, and it appeals. Reversed, and judgment ordered for plaintiff against Samuel Slonov.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

William Helfand, for appellant.
K. Henry Rosenberg, for respondents.

GILDERSLEEVE, P. J. An examination of the record discloses the following facts, which are substantially undisputed: A summons was issued in the name of this plaintiff against Samuel Slonov and Lena Slonov, as copartners doing business and trading under the name of L. & S. Slonov and the Twelfth Ward Furniture Company, at 2390 Second avenue, defendants. The summons was accompanied by a verified complaint, setting up a cause of action against said defendants for goods sold and delivered. Subsequently an alias summons was issued against the said defendants, and an affidavit was made by one Maxwell Elfin, stating that he personally served the summons and complaint on Samuel Slonov, one of the defendants. On the return day of the summons one Isidor Slonov appeared, and made an affidavit that he had been served with the summons and complaint, and asked leave to interpose an answer. This was objected to by plaintiff's counsel, but such leave was granted, and said Isidor filed a verified answer setting up a defense to plaintiff's cause of action. The plaintiff moved for judgment against Samuel Slonov, which motion was denied. The case was set down for trial upon another day. Upon the day set for trial the case came up before another justice, and the plaintiff again asked for judgment against Samuel Slonov. This motion was denied, upon the ground that the decision of the first justice was decisive of the right of Isidor to appear and file an answer. The case was again set for trial. Upon the second day named for trial the case came before a third justice, and the plaintiff again asked for judgment against Samuel Slonov, and his motion was again denied upon similar grounds, and upon his failure to proceed to trial upon the issues raised by the answer of Isidor Slonov the court gave a judgment against the plaintiff for costs in favor of said Isidor. At no time did Samuel Slonov appear, nor was it claimed by Isidor Slonov that he (Isidor) was the person to whom the summons was directed or the person whom the plaintiff intended to sue. Neither was the affidavit of the process server that he made service on Samuel Slonov contradicted. The plaintiff appeals from the judgment rendered against him for costs.

The judgment must be reversed. Upon the return day of the sum-

mons, and upon proof of the service of the summons and complaint upon Samuel Slonov, and upon his failure to appear, the plaintiff was entitled to a judgment against him. Whether or not Samuel Slonov was actually served did not concern Isidor. If Samuel was not served, he had his remedy by appeal from any judgment that might have been taken against him (section 311, Municipal Court Act [Laws 1902, p. 1578, c. 580]), or could have moved for relief under section 253, Municipal Court Act. So long as the plaintiff made no claim that Isidor was the person whom he intended to serve with the process, he (Isidor) had no standing in court, except to have any service made upon him set aside as having been made upon the wrong person. The court could not compel the plaintiff to accept as a defendant a person against whom no summons had been issued, and against whom he may have had no cause of action, simply because that person was served with process. The extent of the rights of a person served with, although not named in, a process, is laid down in Lederer Amusement Co. v. Pollard, 71 App. Div. 35, 75 N. Y. Supp. 619. One remedy is to appear in such a form as to indicate that the summons has been served upon the wrong person, and, if no attention is paid to this action, then, after the complaint is received, to answer and go to trial, and if the plaintiff refuses to remedy the mistake by withdrawing the summons, or consenting to the setting aside of the service, then the action may be brought to trial and the complaint dismissed, or the person so served may move to set aside the service on the ground that a mistake has been made. No such practice was resorted to in the case at bar. Although the plaintiff consistently and persistently insisted that the defendant Isidor had no authority to appear in the action, thus indicating that, if service had ever been made upon him, he was not the person who was intended to be made the defendant, nevertheless Isidor Slonov insisted on appearing, answering, and having the case proceed to trial against him alone. As before stated, the proper practice would have been for Isidor Slonov to have moved to set aside the service on the ground that a mistake had been made. If the plaintiff opposed such a motion, and claimed Isidor was the person whom he desired to make defendant in the action, whether served under the wrong name or not, then the court should have denied the motion. Lederer Amusement Co. v. Pollard, supra.

Judgment reversed, with costs of this appeal against Isidor Slonov, and judgment ordered in favor of the plaintiff against Samuel Slonov, with costs in the lower court. All concur.